UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 26 |
| vs. | ) | |
| | ) | 04 CR 382 |
| ANDRE C. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter is before this Court on Petitioner Andre Bell's motion to return property pursuant to Fed. R. Crim. P. 41(g) and the United States' cross-motion for turnover of seized funds. For the following reasons, Bell's motion is granted and the United States' cross-motion is denied.

**BACKGROUND**

On April 9, 2004, Bell bought five firearms from an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). Bell then negotiated with the ATF's confidential informant to exchange these five firearms for a quantity of marijuana. When Bell arrived at the designated location to pick up the drugs, ATF agents arrested him and seized $5,254, along with other miscellaneous items, from

Bell. On August 24, 2005, Bell pled guilty to a one-count indictment charging him with violating 18 U.S.C. § 922(g) by knowingly possessing firearms, in and affecting interstate commerce, after having been previously convicted of a felony. On April 4, 2006, this Court sentenced Bell to 66 months' imprisonment. During Bell's criminal case, he was represented by a staff attorney from the Federal Defender Program and two private court-appointed attorneys. According to the government, records maintained in the office of the Clerk of Court show that Bell's private attorneys were paid a total of $12,713.91 for Bell's defense.

Bell now requests the return of property seized from him upon his arrest as described on the inventory of property maintained by the ATF: $5,254 in cash, various documents, 6 keys, 1 handcuff key, a fingernail clipper, and a cellular phone, as well as other documents and computer disks used in the case against him.

The government has agreed to return the documents, keys, and cellphone if those items are still in the ATF's possession, although it objects to returning the $5,254 to Bell. In its cross-motion, the government requests that this Court direct that the funds be deposited into the registry of the Court for repayment to the agency that provided Bell's court-appointed counsel, as permitted by 18 U.S.C. § 3006A(f).

Bell argues that the government's motion is untimely and unfair, given that the amount of attorneys' fees and the amount of the seized funds were known at sentencing

and an order of reimbursement could have been made at that time. Bell alleges that his counsel represented to him that the government did not request that the $5,254 be forfeited at sentencing because the government intended to return the funds. Furthermore, Bell argues that the seized funds were not "available" to him in order to retain counsel, as they were seized upon his arrest, and so should not be applied now to pay for government-provided counsel. Finally, Bell urges us to consider that as a consequence of the government's seizure of the $5,254, he was unable to pay the impound fees to recover the 2000 Chevy Impala he was driving at the time of his arrest and consequently lost the car.

We ordered Bell to supplement his response with information concerning his financial situation in order to allow us to determine whether, pursuant to 18 U.S.C. § 3006A(f), the funds at issue are "available" for payment within the meaning of the statute. Bell has submitted his own affidavit describing his financial circumstances, as well as an affidavit from his sister, who has temporary legal custody of Bell's nine year old daughter, explaining that Bell has been unable to provide support for his daughter since his incarceration.

## DISCUSSION

I.  Bell's Motion for Return of Property

Bell's motion is made pursuant to Fed. R. Crim. P. 41(g), which permits him to request the return of property seized by the government. *U.S. v. Sims*, 376 F.3d 705,

708 (7th Cir. 2004). Should the government contest the motion, it must demonstrate that its continued retention of the property is reasonable. *In re Search of Office of Tylman*, 245 F.3d 978, 980 (7th Cir. 2001). In this case, with the exception of the $5,254 in seized funds, the government has agreed to return the property requested by Bell to the extent such property is still in its possession.

Accordingly, the only issue in contention is the propriety of returning the seized funds, which we address below in our discussion of the government's cross-motion.

II. United States' Motion for Turnover of Seized Funds

The United States asks us to order that the seized funds be turned over to the Court for reimbursement of the costs of providing Bell's court-appointed attorneys as permitted by 18 U.S.C. § 3006A(f). This statute provides in relevant part that "whenever...the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid" to the attorney or organization that provided the legal services or to the Court for deposit in the Treasury as reimbursement of the appropriations made to provide legal services. Such an order is "an independent civil liability" rather than part of the prisoner's sentence. *U.S. v. Standiford*, 148 F.3d 864, 870 (7th Cir. 1998).

An order of reimbursement may be issued "whenever" funds are available. 18 U.S.C. § 3006A(f). The fact that the funds were seized as evidence, making them

unavailable at the time Bell requested counsel, does not mean that later-acquired funds cannot be applied to reimburse the provider for legal services. *U.S. v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978); *see also U.S. v. Embry*, 128 F.3d 584 (7th Cir. 1997) (applying funds seized from defendant on probation for reimbursement pursuant to § 3006A(f)). Bell should have been aware, at the time he requested counsel, that the government might properly seek to recover the cost of providing him with counsel at a later date. *Bracewell*, 569 F.2d at 1197. Furthermore, although the government's cross-motion was brought a little over a year from the date of sentencing, we can ascertain no bad faith on the part of the government, nor are we aware of any time limit by which the government must request reimbursement under § 3006A(f).

An order for reimbursement pursuant to § 3006A(f) is discretionary. *Embry*, 128 F.3d at 585. Nonetheless, before ordering reimbursement, this Court must determine whether or not the funds at issue are "available" for payment within the meaning of § 3006A(f). *U.S. v. Gurtunca*, 836 F.2d 283, 288 (7th Cir. 1987). In determining availability, we must inquire whether repayment would impose extreme hardship on Bell, interfere with his family obligations, and whether third parties have claims to the funds. *U.S. v. McGiffen*, 267 F.3d 581, 589 (7th Cir. 2001) (citing Embry, 128 F.3d at 585).

Bell's affidavit establishes that he has no assets, that he earns $73 per month in prison, and that he still owes court fines. The total amount of funds available to him in his prison account for the last three years has been $1,872, an amount Bell explains he acquired through gifts from family members. Furthermore, he attests that he is responsible for his nine-year-old daughter, who is currently being cared for by his sister. According to Bell, his daughter's biological mother has no relationship with her and does not contribute any money towards her support. Both Bell and his sister attest that Bell has been unable to financially support his daughter since his incarceration. Furthermore, Bell explains that he has recently learned that his daughter needs braces, an benefit which Bell wishes to provide for her. However, he lacks the financial means to do so.

Given Bell's family obligations and lack of other assets or income, we find that Bell's financial circumstances make clear that the seized funds are not "available" for payment within the meaning of § 3006A(f). Instead, we will order that the government return the seized funds to Bell on the condition that those funds be used for his daughter's braces. Accordingly, we will not order that the seized funds be turned over for reimbursement and instead grant Bell's motion in its entirety.

## CONCLUSION

For the foregoing reasons, Bell's motion is granted and the government's cross-motion is denied. The ATF shall return to Bell the $5,254 in seized funds as well as all other requested items to the extent that such items are still in possession of the ATF. Should the ATF no longer possess the items, it shall so inform Bell.

Charles P. Kocoras
United States District Judge

Dated: August 9, 2007